IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamie Robinson, | ) | C/A No.: 4:24-5447-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| David Butler, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jamie Robinson ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights by David Butler ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case.

I.    Factual and Procedural Background

Plaintiff alleges she contacted Defendant on July 19, 2022, concerning an item Defendant posted for sale on the marketplace. ECF No. 1-1 at 5. Plaintiff states she agreed to purchase the original item, plus two additional items, one of which had to be disassembled. *Id.* Plaintiff states that the item that required disassembly had to be removed by a certain date. *Id.* Plaintiff alleges she went to Defendant's property on July 20, 2022, and while she was disassembling her item, Defendant approached Plaintiff about purchasing pool accessories and other items from the house, and Plaintiff declined. *Id.* at 6. Plaintiff said she contacted Defendant later about the pool accessories and asked if he would be willing to reduce the price of these items, and Defendant did, and Plaintiff states she and Defendant entered into a verbal agreement. *Id*. Plaintiff says she contacted Defendant on July 21, 2022, and asked if he would be on the premises while she removed

the items, and Plaintiff says Defendant directed her to go ahead and get the items. *Id*. Plaintiff claims she was on the premises later that day and was speaking to "a guy" she asked to help her remove the items. *Id*. Plaintiff alleges during this time a van pulled up and three people jumped out, walked around the yard, and then got on the phone. *Id.* Plaintiff says it was a "very uncomfortable scene" and she told the man she was talking with to leave everything, and that they needed to leave. *Id.* Plaintiff claims she then contacted Defendant "complaining of the malicious acts," and Defendant assured Plaintiff he would take care of everything and to not worry. *Id.* Plaintiff states she went home. *Id.* Plaintiff claims she and Defendant texted back and forth and Defendant's texts were "overwhelming and threatening." *Id*. at 6–7. Plaintiff alleges she avoided further calls or texts from Defendant as she did not wish to indulge in his "unacceptable behavior." *Id*. at 7.  In August 2022, Plaintiff states she was informed that there was a warrant for her arrest and she turned herself in on August 29, 2022. *Id.* Plaintiff says she was given a trial date for October 5, 2022. *Id*. Plaintiff seeks monetary damages. *Id*. at 9.

II.     Discussion

   A.     Standard of Review

Plaintiff filed her Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 alleging Defendant violated her civil rights in connection to the sale of pool equipment. ECF No. 1. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person

acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's claims of constitutional violations by Defendant must be dismissed because Defendant is not a state actor and cannot have acted under the color of state law. Purely private conduct such as that alleged against Defendant, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). The undersigned recommends Plaintiff's Complaint be summarily dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss Plaintiff's Complaint.

IT IS SO RECOMMENDED.

October 3, 2024                                                    Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).