IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Robinson, | Case No.: 4:24-cv-5447-JD |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| David Butler, | |
| Defendant. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 12), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Jamie Robinson's ("Plaintiff" or "Robinson") pleadings.[1]

**A. Background**

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary taken as true from the Complaint.

Robinson, proceeding *pro se*, sued Defendant David Butler ("Defendant") under 42 U.S.C. Section 1983, alleging Defendant violated her civil rights concerning the sale of pool equipment. (DE 1.) Plaintiff alleges she contacted Defendant on July 19,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

2022, concerning an item Defendant posted for sale on the marketplace. (DE 1-1 at 5.) Plaintiff states she agreed to purchase the original item plus two additional items, one of which had to be disassembled. (*Id.*) Plaintiff states that the item that required disassembly had to be removed by a certain date. (*Id.*) Plaintiff alleges she went to Defendant's property on July 20, 2022, and while she was disassembling her item, Defendant approached Plaintiff about purchasing pool accessories and other items from the house, and Plaintiff declined. (*Id.* at 6.) Plaintiff said she contacted Defendant later about the pool accessories and asked if he would be willing to reduce the price of these items, and Defendant did. Plaintiff states she and Defendant entered into an oral agreement. (*Id.*) Plaintiff says she contacted Defendant on July 21, 2022, and asked if he would be on the premises while she removed the items, and Plaintiff says Defendant directed her to go ahead and get the items. (*Id.*)

Plaintiff claims she was on the premises later that day and was speaking to "a guy" she asked to help her remove the items. (*Id.*) Plaintiff alleges during this time, a van pulled up, and three people jumped out, walked around the yard, and then got on the phone. (*Id.*) Plaintiff says it was a "very uncomfortable scene[,]" and she told the man she was talking with to leave everything, and that they needed to leave. (*Id.*) Plaintiff claims she then contacted Defendant "complaining of the malicious acts," and Defendant assured Plaintiff he would take care of everything and not to worry. (*Id.*) Plaintiff states she went home. (*Id.*) Plaintiff claims she and Defendant texted back and forth, and Defendant's texts were "overwhelming and threatening." (*Id.* at 6–7.) Plaintiff alleges she avoided further calls or texts from Defendant as she did

not wish to indulge in his "unacceptable behavior." (*Id*. at 7.)  In August 2022, Plaintiff states she was informed that there was a warrant for her arrest, and she turned herself in on August 29, 2022. (*Id*.) Plaintiff seeks monetary damages. (*Id*. at 9.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on October 3, 2024, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's Complaint "because Defendant is not a state actor and cannot have acted under the color of state law. Purely private conduct such as that alleged against Defendant, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution." (DE 12 at 4) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).) On October 15, 2024, Plaintiff objected to the Report. (DE 15.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district

3

judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Although Plaintiff objects to the Report, Plaintiff does not identify any facts that refute the Report's finding that "Defendant is not a state actor and cannot have acted under the color of state law." (DE 12 at 4.) As detailed in the Report, to state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court overrules Plaintiff's objection since the allegations do not raise a Section 1983 claim.

The Court notes that Plaintiff's purported objection references two pending motions: Plaintiff's Motion for Leave to Amend her complaint (DE 16) and her Motion for Leave to Proceed in forma pauperis (DE 18). Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend a pleading should be given freely when justice so requires, "[t]he law is well-settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."

*Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks and citations omitted). That said, unless other claims are raised, Plaintiff probably cannot correct the defects in her Section 1983 claim against Defendant. Nevertheless, since the motion to amend is pending, the Court will conduct an initial review to determine its sufficiency. Thus, the pending motions are committed to the Magistrate Judge for an initial review and a report and recommendation.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 12) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims under § 1983 are dismissed without prejudice. This matter is recommitted to the Magistrate Judge to conduct an initial review and issue a report and recommendation on the sufficiency of Plaintiff's pending motion to amend (DE 16) under Rule 15, Fed. R. Civ. P.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 6, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.