IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamie Robinson, | ) | Case No.: 4:24-cv-5447-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| David Butler, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 12), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Jamie Robinson's ("Plaintiff" or "Robinson") amended pleadings.[1]

**A. Background**

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary, taken as true from the Amended Complaint.[2]

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]  On October 3, 2024, the Magistrate Judge issued a Report and Recommendation ("2024 Report") recommending Plaintiff's Complaint be summarily dismissed for failing to allege sufficient facts to state a claim. (DE 12.) Plaintiff objected to the 2024 Report and moved for leave to file an amended complaint. (DE 15, 16.) On November 6, 2024, this Court issued an order adopting the 2024 Report but recommitting the matter to the Magistrate Judge to consider Plaintiff's pending motion to amend. (DE 22.) The Magistrate Judge

1

Plaintiff contends that Defendant David Butler ("Defendant" or "Butler") racially profiled her on July 22, 2022, maliciously obstructed justice, made false statements to the police, conspired with Officer Banas, and made defamatory statements. (DE 31 at 5.) Plaintiff alleges that Defendant committed perjury during the October 5, 2022, trial. (*Id.*) Plaintiff states that Defendant prevented her from receiving items she paid him for and did not return her money or make sure she received her items. (*Id.*) Plaintiff alleges that the false statements made by Defendant were the basis for a police report, which led to Plaintiff's arrest and damaged her reputation. (*Id.* at 9.) Plaintiff claims Defendant maliciously accused her of larceny, with knowledge of her innocence, which was the cause of her being criminally charged. (*Id.*)

Plaintiff further alleges that Defendant breached an unwritten contract or binding agreement, which hindered her and prevented her from using the items. (*Id.*) Plaintiff contends that Defendant was aware of her agreement with him and had knowledge that no crime was committed. (*Id.* at 10.) Plaintiff states that she purchased several items from Defendant on July 19 and July 20, 2022, including a pool and its accessories. (DE 31 at 11–12.) Plaintiff states that she contacted Defendant on July 21, 2022, to confirm Defendant would be on the premises when she removed the pool and its accessories, and Defendant directed her to proceed with the removal of the items. (*Id.* at 12.)

---

granted Plaintiff's Motion to Amend her pleadings (DE 30), and Plaintiff filed an Amended Complaint on November 19, 2024. (DE 31.)

Plaintiff claims she was on the premises on July 22, 2022, and was speaking to a man she had asked to help her remove the items. (*Id.*) Plaintiff alleges that during this time, a van pulled up, and three people jumped out, walked around the yard, and then got on the phone. (*Id.*) Plaintiff stated that it was an uncomfortable scene, and she told the man accompanying her that they needed to leave everything and exit the premises. (*Id.*) Plaintiff claims that after she left, she contacted Defendant, complaining of the malicious act, and Defendant assured Plaintiff that he would take care of everything and that she should not worry. (*Id.*) Plaintiff states that she went home and that Defendant texted back and forth; however, Defendant's texts were overwhelming and threatening. (DE 31 at 12–13.) Plaintiff alleges that she avoided further calls or texts from Defendant as she did not wish to engage in his unacceptable behavior. (*Id.* at 13.)

In August 2022, Plaintiff states that she was notified of an outstanding warrant for her arrest, and she turned herself in on August 29, 2022. (*Id.*) Plaintiff states that she was given a trial date for October 5, 2022. (*Id.*) Plaintiff alleges Defendant's actions have caused her injuries, including exposing Plaintiff to trial and causing a fear that she would lose her freedom and be incarcerated. (DE 31 at 13–14.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* amended complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v.*

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on December 20, 2024, the Magistrate Judge issued the Report based on a review of the amended pleadings. The Report recommends dismissing Plaintiff's Amended Complaint because "[t]he factual allegations in Plaintiff's Amended Complaint are insufficient to show that the case is one 'arising under the Constitution, laws, or treaties of the United States.'" (DE 38 at 5) (*quoting* 28 U.S.C. § 1331.) The Report also found that "[t]o the extent Plaintiff seeks to hold Defendant, who is a private party, [liable] for a violation of her civil rights pursuant to 42 U.S.C. § 1983, Plaintiff has not alleged facts sufficient to establish Defendant's actions constituted state action." (*Id.* at 6.) Lastly, the Report said,

> Although the court can exercise supplemental jurisdiction over state law claims that are related to viable federal claims, *see* 28 U.S.C. § 1367(c)(3), such jurisdiction is not appropriate here as Plaintiff has not alleged any viable federal claims. Because the court does not have subject matter jurisdiction over Plaintiff's claims under § 1331, Plaintiff's Amended Complaint is subject to summary dismissal.

(*Id.*) On January 27, 2025, Plaintiff objected to the Report.[3] (DE 45.)

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule,

---

[3]     On January 7, 2025, Plaintiff moved for an extension to file her objection. (DE 42.) The Court grants Plaintiff's motion.

4

explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Although Plaintiff objects to the Report, Plaintiff does not identify any facts that refute the Report's finding that the facts stated are "insufficient to show that the case is one 'arising under the Constitution, laws, or treaties of the United States.'" (DE 38 at 5) (quoting 28 U.S.C. § 1331.) The objection also does not address the Report's other jurisdictional impediments. The Court, therefore, overrules Plaintiff's objection.

The Court also notes that Plaintiff has moved to amend her pleadings again. (DE 43). Rule 15 says that leave to amend a pleading should be given freely when justice so requires. Rule 15(a)(2), Fed. R. Civ. P.; *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("[t]he law is well-settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") (Internal quotation marks and citations omitted). Since Plaintiff has tried unsuccessfully to amend her pleadings, any future attempts would

be futile given the allegations in her pleadings. Therefore, Plaintiff's Motion to Amend (DE 43) is denied.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 38) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's motion for an extension to file an objection (DE 42) is granted. Plaintiff's motion to amend (DE 43) is denied, and Plaintiff's Amended Complaint (DE 31) is dismissed without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 26, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.